UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:09-cr-00566-GRA-6 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Harold Leon London, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before this Court on Defendant's Motion to Reduce Sentence filed on September 17, 2013.[1]  ECF No. 454.  For the reasons stated herein, this Court denies Defendant's motion.

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  In the current case, the earliest stamp on the envelope containing Plaintiff's complaint is writing which says "Legal Mail" and lists the date as September 17, 2013.  A postage stamp from Raleigh, NC contained on the envelope states the date as September 18, 2013.  Therefore, this Court will treat this motion as having been filed on September 17, 2013.

concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Defendant pled guilty before Magistrate Judge William M. Catoe on December 29, 2009, to conspiracy to possess with intent to distribute crack cocaine. ECF No. 264. This guilty plea was entered pursuant to a plea agreement between Defendant and the Government, wherein the Government agreed to dismiss the remaining charges in exchange for Defendant's cooperation. ECF No. 262. This Court sentenced Defendant to a term of 188 months imprisonment and four years supervised release on June 9, 2010. ECF No. 361.

On August 20, 2010, Defendant filed a Motion to Amend Judgment seeking both a sentence reduction based on the Fair Sentencing Act of 2010 and to compel the Government to file a motion to reduce his sentence. ECF No. 392. This Court construed Defendant's request for a sentence reduction as a 28 U.S.C. § 2255 petition and informed Defendant that he had twenty days to object to his request being treated as a § 2255 petition. ECF No. 402. This Court also declared that Defendant's request to compel the Government was moot as the Government had subsequently filed a Rule 35 motion to reduce Defendant's sentence. ECF Nos. 400 & 402. Defendant then filed a Motion to Withdraw stating that he did not want his previous motion construed as a § 2255 petition, and this Court granted Defendant's Motion to Withdraw. ECF Nos. 405 & 407.

A hearing was held on the Government's motion to reduce Defendant's sentence, and this Court granted the Government's motion and reduced Defendant's

sentence to 95 months imprisonment and four years supervised release on February 3, 2011. ECF No. 413. On November 3, 2011, this Court declined to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that was subsequently lowered and made retroactive by the United States Sentencing Commission. ECF No. 435. Defendant filed the current Motion to Reduce Sentence on September 26, 2013. ECF No. 454.

### Discussion

Defendant moves this Court to order that he is to spend his last year on home confinement. *Id.* Defendant bases this motion on medical conditions which have left him reliant on Social Security Disability, his previous cooperation during his own case and as a witness in a case involving criminal sexual conduct with a minor,[2] and his desire to be with his mother who has undergone cancer treatment. *Id.*

"The district court's authority to modify a sentence is limited and the law closely guards the finality of criminal sentences against judicial change of heart." *United States v. Blackshear*, 450 F. App'x 241, 242 (4th Cir. 2011) (per curiam) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (internal quotation marks and brackets omitted)). Under Section 3582(c) of Title 18 of the United States Code, a court may modify a previously imposed sentence for only three reasons: (1) upon motion of the Director of Bureau of Prisons in certain circumstances; (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant's applicable sentencing range under the United States Sentencing Guidelines has subsequently been lowered by

---

[2] Defendant's assistance was the basis of the previous Government motion for a reduced sentence which was granted by this Court. ECF No. 413.

the Sentencing Commission.[3] Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(b) of the Federal Rules of Criminal Procedure allows a district court to reduce a sentence upon the Government's motion if the defendant has provided "substantial assistance" to the Government. Fed. R. Crim. P. 35(b).

Neither the Bureau of Prisons nor the Government has moved for a further reduction in Defendant's sentence at this time. Furthermore, Defendant does not claim that he is entitled to a reduction because his applicable sentencing range has been lowered by the Sentencing Commission subsequent to his sentencing date. Additionally, Defendant is not entitled to a modification of his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure since the fourteen-day period

---

[3] 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

(1) in any case—
  (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
  (i) extraordinary and compelling reasons warrant such a reduction; or
  (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
  (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

for the Court to amend the sentence has passed. Accordingly, the Court lacks jurisdiction to modify Defendant's sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  23 , 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**