UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: 6:09-cr-00566-GRA-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Stanley Vincent Aiken, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |

This matter comes before this Court on Defendant's *pro se* Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) pursuant to the Fair Sentencing Act ("FSA") and Amendment 750 of the United States Sentencing Guidelines ("U.S.S.G."). ECF No. 460. For the reasons set forth below, Defendant's Motion is DENIED.

## Background

Defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, on December 29, 2009. ECF Nos. 135 & 261. Pursuant to a Plea Agreement between Defendant and the Government, the Government dismissed all remaining charges against Defendant. ECF No. 274. Defendant's total offense level was 34 and his criminal history category was a level VI, both based on his classification as a career offender, for a guideline range of 262 to 327 months imprisonment. ECF No. 355. Defendant's mandatory minimum sentence was twenty years imprisonment under 21 U.S.C. § 841(b)(1)(A), based on 50 grams or more of crack cocaine and at least one prior felony drug conviction, as the statute existed at the time Defendant was sentenced. *Id.*; *see* Fair Sentencing Act of 2010, Pub. L. No.

111–220, § 2(a)(1), 124 Stat. 2372 (striking 50 grams and inserting 280 grams in order to trigger the mandatory minimums sentences in 21 U.S.C. § 841(b)(1)(A)). On July 12, 2010, prior to the FSA taking effect on August 3, 2010, this Court sentenced Defendant to 240 months imprisonment. ECF No. 374. This sentence was the mandatory minimum, and was below the advisory guideline range based on Defendant's motion for a variance to which the government did not object. ECF No. 375. Defendant did not file an appeal. In his present Motion, Defendant now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

18 U.S.C. § 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

The FSA statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 8(1), 124 Stat. 2372. The FSA took effect on August 3, 2010.

In response, the Sentencing Commission promulgated Amendment 750, which adjusted the base offense level assigned to each threshold quantity of crack cocaine and "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1." *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2329 (2012); U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add Amendment 750 to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This retroactive amendment became effective on November 1, 2011.

## **Discussion**

As stated above, Defendant was sentenced on July 12, 2010 for conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A). Defendant was classified as a career offender and was sentenced with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 34 |
| Criminal History Category: | VI (Career Offender) |
| Months Imprisonment: | 262 to 327 |

Taking into consideration these guidelines, the Court sentenced Defendant to 240 months imprisonment. ECF No. 374. After taking into account all of the amendments to §§ 1B1.10 & 2D1.1, the Court finds that Defendant's sentence will remain the same. Although the Amendment 750 would have likely lowered Defendant's initial offense level, his offense level and criminal history were enhanced based on his status as a career offender pursuant to U.S.S.G. § 4B1.1.[1]

In this case, Defendant was sentenced as a career offender. The base offense level determined under § 4B1.1 was a 37 rather than the lower offense level calculated under § 2D1.1(c). Therefore, although Defendant's initial base offense level might be different had he not been sentenced as a career offender, the fact that he was sentenced as a career offender under § 4B1.1 precludes any reduction in offense level pursuant to the retroactively applicable Amendment 750. *See United States v. Johnson*, 409 F. App'x 613, 614 (4th Cir. 2010) ("[Defendant] cannot benefit from Amendment 706 to the United States Sentencing Guidelines because his sentence was based on his career offender status rather than the quantity of cocaine attributable to him."); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."); *United States v. Davidson*, 488 F. App'x 646, 647–48 (3rd Cir. 2012) (per curiam) ("Like Amendment 706, Amendment 750 has no effect

---

[1] According to U.S.S.G. § 4B1.1(a), "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

on [Defendant's] offense level, which was based on his designation as a career offender. Accordingly, it is not a basis for a reduction of sentence under § 3582(c)(2)."). Additionally, Defendant's argument that the FSA altered the statutory penalties is unavailing, as the FSA's "change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment." *Davidson*, 488 F. App'x at 648. In the present case, Defendant was sentenced on July 12, 2010, before the FSA was enacted on August 3, 2010.

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that Defendant's previously imposed sentence shall remain in full force and not be reduced.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

March  13 , 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**